WILLIS M. WHITE *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 164.]

CRIMINAL LAW. *Dismissal of appeal to circuit court. Discretion of court. Review.*

Where an appeal to the circuit court from the judgment of a justice of the peace, convicting defendant of a misdemeanor, was dismissed by the circuit court and a writ of procedendo awarded because of the absence of defendant when the case was called for trial, the supreme court will not reverse the judgment of dismissal in the absence of a showing excusing defendant's failure to be in court, although he were present at all other times except when his case was called.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

White, the appellant, was convicted before the mayor of the city of Greenwood, as an *ex officio* justice of the peace, of having unlawfully sold intoxicants, a misdemeanor, and being fined $250 and sentenced to the county jail for ninety days, appealed to the circuit court. When the case was called for trial in the circuit court the appellant was absent, and because thereof his appeal was dismissed and a writ of *procedendo* was granted to the *ex officio* justice of the peace. The defendant subsequently made a motion to set aside the order of dismissal, on the grounds set forth in the opinion, but the court below overruled the motion, and he appealed to the supreme court. Material facts are stated in the opinion.

*McClurg, Gardner, & Whittington,* for appellant.

We recognize the general principle that in cases of this kind it is within the discretion of the trial court to reinstate or to refuse to reinstate an appeal when dismissed because of the non-appearance of the appellant when his case is called for trial. But in view of the facts set forth in the appellant's

affidavit accompanying his motion, and in view of the further
fact that the sentence appealed from was severe, and the inter-
ests of the state could not be hurt in any event, we submit that
it was prejudicial to appellant for the court to overrule his
motion.

. We call especial attention to the fact, set forth in appellant's
affidavit, that he had been continuously present for trial at a
preceding term of court; and at the term in which his appeal
was dismissed he had been present continuously for several
days, and was absent from the courtroom only for a few
minutes, being still in the courthouse, and that on his return,
which was after his case had been called and dismissed, there
was till ample time for the state to have tried the case before
the departure of any of its witnesses.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Under the circumstances, because appellant was not present
when his case was called for trial, the circuit court had ample
authority to dismiss the appeal, and grant writ of *procedendo* to
the *ex officio* justice of the peace. *Ex parte Caldwell,* 62 Miss.,
774; *Bush* v. *State,* 6 South. Rep., 647; 2 Ency. Pl. & Pr., 340.

The matter was one addressed alone to the sound discretion
of the trial court, and in the absence of any showing of fraud
or deceit, and as the record shows negligence on the part of
appellant, no good reason can exist for interfering with the
exercise of the trial court's discretion.

MAYES, J., delivered the opinion of the court.

White was convicted in the court of the mayor of the city of
Greenwood, as an *ex officio* justice of the peace, on May 15,
1905, of having unlawfully sold intoxicants, and appealed to the
circuit court. At the first term of the circuit court after the
appeal was taken, on the application of the state, a continuance
was granted because of the absence of material witnesses. At
the July term, 1906, the case came on for trial, was called, and,

the defendant not being present, the appeal was dismissed by the circuit court, and a writ of *procedendo* granted to the mayor's court. After this was done, the defendant made a motion to set aside the order dismissing the appeal and granting the writ of *procedendo,* which was overruled by the court. The defendant accompanied the motion with an affidavit alleging, in substance, that he was wrongfully convicted in the mayor's court of Greenwood on the charge of having unlawfully sold intoxicants, and immediately appealed to the circuit court at the first term. After the appeal was taken, he was present in the court from day to day, and the cause was continued on application of the state. The affidavit further recites that at the next term of court, and on July 9, 1906, affiant appeared and was in the room in attendance on court during the entire time while court was in session, until Wednesday, the 11th day of July, when he left the courtroom for a few minutes; that during his absence the case was called, and his appeal dismissed. The affidavit further states that on the day the appeal was dismissed he was in the courtroom at 9 o'clock in the morning and remained until 10 o'clock, when a criminal case was called for trial in which there were twelve or fifteen witnesses; that after the witnesses had been called and sworn, supposing the court would be occupied for an hour or more, he went downstairs, but did not leave the courthouse, and did not leave the courtroom for more than ten minutes, but when he returned he found that his case had been called and the appeal dismissed; that at the time his case was called neither he nor his attorneys were present in the courtroom; he offered to pay all costs as a condition of the setting aside of the order dismissing the appeal, and continues to make said offer; that he is innocent of the charge, and would prove his innocence if granted a trial.

It will be noted that the affidavit does not state why the defendant left the courtroom, nor assign any better reason for same than that he supposed the court would be engaged in the trial of another case for some time. It was his duty to be in

the courtroom all the time the docket was being called, and, if for any reason he desired to leave the courtroom, he could have obtained the permission of the presiding judge, which he did not do. The control of the dockets and their call must be left to the sound discretion of the trial judge, and his action in any matter appertaining to the procedure of his court, which is addressed to his sound discretion, will not be interfered with by the appellate court, unless there has been manifest abuse of it. From the affidavit made, we cannot say that such is the case in this instance.

*Let the judgment be affirmed.*